# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DENISE HANNA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-01519-JAR |
| | ) | |
| ANGELA MESMER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Denise Hanna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government has responded (Doc. 19), and Petitioner has filed a reply (Doc. 27). For the following reasons, Petitioner's section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On September 21, 2007, Petitioner was convicted by a jury in the Circuit Court of Carter County, Missouri, of one count each of murder in the second degree and armed criminal action (Doc. 19.2 at 6, 9-10, 54-55). On November 7, 2007, she was sentenced to life in prison on the second-degree murder count and 10 years in prison for armed criminal action, to be served consecutively (Id. at 54-55). On January 6, 2010, the Missouri Court of Appeals affirmed Petitioner's conviction (Doc. 19.3 at 10, 24).

Petitioner filed a Rule 29.15 motion on February 2, 2010, asserting twenty grounds for relief, including a claim that trial counsel had been ineffective by failing to move for a mistrial after learning that members of the jury had been talking with non-jurors outside the courthouse during breaks ("juror-misconduct claim") (Id. at 7-18). An attorney was appointed for Petitioner,

and the attorney filed a statement in lieu of an amended Rule 29.15 motion on October 14, 2010 (Id. at 21-22). The motion court held a March 19, 2012 evidentiary hearing, and received the following relevant testimony.

Shawn Hanna, Petitioner's son and co-defendant, testified that he and his wife, Heather Hanna, observed the jury in Petitioner's criminal trial exit the courthouse during a break in their deliberations[1] (Doc. 22.1 at 11). According to Shawn, "about four" jurors then approached "three or four" highway patrol officers and started talking with them (Id. at 12, 14). Initially, Shawn stated that the officers were "dressed like detectives," but he later testified that all four of them were "in uniform," which he described as including a "white shirt [and] dark black slacks" and a "Captain's hat," "Smoky Bear" hat, or "[t]he hat that D.O.T. Captains . . . would wear" (Id. at 12, 15-18). Shawn testified that he could not hear the contents of the conversation the officers had with the jurors (Id. at 12). According to Shawn, there were no bailiffs present during the encounter, and one of the officers who spoke with the jurors had testified in Petitioner's trial (Id. at 11-13, 15). Shawn claimed that he then told his defense attorney about what he had witnessed because, as Petitioner's co-defendant, Petitioner's trial counsel would not speak with him (Id. at 13).

Heather Hanna, Shawn's wife, testified that during a recess in jury deliberations in Hanna's criminal trial, she and Shawn observed jurors conversing with "a couple of deputies, the bailiff, and a couple of the deputies that actually testified in the trial" (Doc. 19.7 at 29-30). More specifically, she testified that, after approximately an hour of deliberations, the jury took a break, and two bailiffs escorted them to an outside patio area adjacent to the courthouse (Id. at 36-37). One of the bailiffs stayed near the courthouse door, while the other bailiff accompanied the

---

[1] Due to Shawn's incarceration at the time of Petitioner's post-conviction evidentiary hearing, his testimony was taken via telephonic deposition (Doc. 22.1).

jurors to a pavilion with picnic tables (Id.). According to Heather, two of the jurors talked to the bailiff, while other jurors conversed with two law enforcement officers who had testified during Petitioner's trial (Id. at 38). She identified one of the officers as a highway patrolman, and another officer as either a police officer or a detective (Id. 38-39). Heather could not identify the officers by name (Id.). She remembered that they were not in uniform, but instead had been wearing shirts and ties (Id. at 38-41). Heather did not know how long the conversation between the officers and the jurors lasted, nor did she know the content of the conversation, as she and Shawn had been too far away to hear (Id. at 30, 39, 41). Heather testified that she and Shawn then approached trial counsel together, informing him of the conversations they had witnessed; and that trial counsel told them he would "bring it up with the judge" (Id. at 39-40).

Petitioner's trial counsel testified that, at some point during her trial, Petitioner expressed concern about "some jurors speaking with some people"; that trial counsel had communicated Petitioner's concern to the trial court; that the trial court had spoken with its bailiff about Petitioner's concern; that the bailiff told the trial court that the jurors may have spoken with other people, but that "it wasn't anything about the case," was "[n]othing more than, hey, how are the kids," and was "just some kind of pleasantries." (Id. at 9, 15-16, 20-21). According to trial counsel, he would have asked for a mistrial had there been any indication the jurors had spoken about the case or any evidence of juror tampering; and trial counsel did not believe that there was any basis for such a claim (Id. at 9, 15-16). Trial counsel could not recall whether the people with whom the jurors had spoken were witnesses (Id. at 20-21).

The motion court denied Petitioner's Rule 29.15 motion on March 19, 2012, correctly identifying Strickland v. Washington, 466 U.S. 668 (1984) as the applicable standard for Petitioner's ineffective assistance of counsel claims (Doc. 19.3 at 24-45). As relevant, the motion

court concluded that Shawn's testimony was contrary to Heather's testimony; that it did not believe the jury had been "allowed to roam outside the courthouse unattended, or allowed to speak to any witness during deliberations"; and that Heather and Shawn's testimony was "simply not credible" (Id. at 34, 44).

On direct appeal from that denial, Petitioner challenged only the motion court's ruling on her juror-misconduct claim (Doc. 19.4). On May 13, 2013, the denial of Petitioner's motion was affirmed on appeal in Hanna v. State, 398 S.W.3d 125 (Mo. Ct. App. 2013). The Missouri Court of Appeals first concluded that Petitioner had not established that any juror misconduct had actually occurred, noting that the motion court did not err in disbelieving Shawn and Hanna's testimony in light of inconsistencies in their testimony. Id. at 131. The Court of Appeals then explained that, even assuming the conversation had taken place, Petitioner had not shown that she had been prejudiced by it, as there was no evidence the jurors and witnesses had discussed anything about her case or trial. Id. at 131-32. Finally, the Court of Appeals concluded that Petitioner had failed to establish that she was prejudiced by trial counsel's allegedly deficient representation, i.e. that the trial court would have granted her a mistrial based on her allegations of juror misconduct had trial counsel so moved. Id. at 132. Petitioner did not apply for transfer to the Missouri Supreme Court.

On September 12, 2013, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus advancing ten claims for relief: (1) her juror-misconduct claim; (2) that the jury was permitted to assume she had committed a prior assault for which she had not been convicted; (3) that a witness had not been made available to be deposed by trial counsel prior to her criminal trial; (4) that an unidentified tape recording did not match a transcript from an unknown source; (5) that the State "told witnesses to go into a room and to make sure all their stories matched this

time"; (6) that she was not transported to court to "clear up" other charges while she was detained in the county jail; (7) that she was improperly detained until her bond was increased; (8) that trial counsel did not request a change of venue; (9) that trial counsel changed his opening statement without Petitioner's consent; and (10) that trial counsel did not call witnesses to testify on Petitioner's behalf during her sentencing hearing (Doc. 1). The Government has responded, arguing that the Missouri Court of Appeals' affirmance of the denial of Petitioner's juror-misconduct claim was reasonable and is entitled to deference, and that Petitioner's remaining claims are procedurally defaulted because she failed to raise them before the Missouri Court of Appeals in her post-conviction proceeding (Doc. 12). In reply, Petitioner reiterates her juror-misconduct claim, and her claim that counsel changed his opening statement without her consent (Doc. 27).

## II. Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . .

and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

**A. Petitioner's Juror-Misconduct Claim**

Petitioner claims that trial counsel was ineffective when he failed to move for a mistrial based on juror misconduct, i.e. the alleged conversation between jurors and a law enforcement officer who had testified during her criminal trial. To state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate both that her counsel's performance was deficient and that she was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. Id. To establish prejudice, Petitioner must show "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Federal habeas review of a Strickland claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

Initially, the Court agrees with the Missouri Court of Appeals that Petitioner has not shown that trial counsel performed deficiently by failing to move for a mistrial. Specifically, the Court agrees with the Court of Appeals' conclusion that Petitioner did not show that any juror misconduct occurred, as she adduced no evidence that any conversation between witnesses and members of the jury involved her criminal case or the jury's deliberations therein. Heather and Shawn Hanna both testified that they did not hear the contents of the allegedly improper conversation. In contrast, trial counsel's testimony appears to suggest that a bailiff informed the trial court that some of the jurors may have spoken with "other people" during a break in deliberations; that the conversation had not involved "anything about the case"; and that it had been "[n]othing more than, hey, how are the kids" and "just some kind of pleasantries." See State v. Baum, 714 S.W.2d 804, 811 (Mo. App. 1986) (trial court did not err in denying motion for mistrial where conversation between juror and state's witness was "casual, brief and totally unrelated to anything associated with the trial"). Moreover, the Court notes that nothing in the record suggests that the witnesses who allegedly spoke with the jurors, or the bailiff who trial counsel testified may have observed the conversation, were unavailable to testify or provide affidavits in Petitioner's post-conviction proceeding.

The Court further agrees with the Court of Appeals that Petitioner failed to show that she

suffered any prejudice as a result of trial counsel's failure to move for a mistrial based on the juror misconduct she alleges. Missouri courts treat mistrials as "a dramatic remedy" that should be granted "only when necessary to cure grievous prejudice." See State v. Dunn, 21 S.W.3d 77, 83 (Mo. Ct. App. 2000). In the absence of evidence establishing the substance of the alleged conversation between jurors and witnesses, it cannot be said that Petitioner would have been granted a mistrial had trial counsel so moved. Garcia v. Bertsch, 470 F.3d 748, 755-56 (8th Cir. 2006) (affirming denial of § 2254 petition asserting ineffective-assistance claim based on counsel's alleged failure to report alleged jury misconduct; state court's conclusion that petitioner had not shown actual prejudice was not objectively unreasonable because there was no evidence jurors were influenced in any way by their contact with non-jurors during petitioner's criminal trial). In short, Petitioner has not demonstrated that trial counsel's performance was deficient or that she was prejudiced by that performance. Strickland, 466 U.S. at 687. The Court thus concludes that the decision of the Court of Appeals is based on a reasonable application of Strickland, as well as a reasonable determination of the facts in light of the evidence presented in Petitioner's state court proceeding. See 28 U.S.C. § 2254(d). Petitioner's juror-misconduct claim will be denied.

### B. Procedural Issues

Petitioner's other grounds for relief must be dismissed for procedural reasons. A district court is generally barred from considering a habeas petitioner's procedurally defaulted claims absent a showing of cause for the default and resulting prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Before seeking habeas relief, a petitioner is required to bring her claims through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the State courts a full and fair opportunity to resolve

federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), see also 28 U.S.C. § 2254(c). Because Petitioner has failed to bring her other claims through the applicable state review process, her remaining grounds for relief must be dismissed.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Denise Hanna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A judgment dismissing this case is filed herewith.

Dated this 14th day of September, 2016.

*John A. Ross*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**